IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ESTEBAN GARCIA,<br><br>        Plaintiff,<br><br>v.<br><br>PROFESSIONAL CONTRACT SERVICES, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 1:15-cv-00585 |

## COMPLAINT

Comes now plaintiff Esteban Garcia ("Plaintiff"), by counsel, and complains against defendant Professional Contract Services, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. This is an action for wrongful retaliation and termination in violation of 31 U.S.C. § 3730(h).

2. As set forth in detail below, Defendant has violated 31 U.S.C. § 3730(h) by terminating Plaintiff in response to Plaintiff's actions in reporting Defendant's fraud against the United States of America.

3. Plaintiff seeks an award of damages in the form of double back pay, compounded interest, attorneys' fees to be determined using the lodestar method, as well as Plaintiff's litigation costs.

///

///

///

## THE PARTIES

4. Plaintiff is an individual residing in Austin, Texas.

5. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Texas, having its principal place of business at 718 W FM 1626 #100, Austin, Texas.

## JURISDICTION, VENUE, AND STANDING

6. This Court has subject matter jurisdiction over Plaintiff's present action under 28 U.S.C. § 1331 and 31 U.S.C. § 3730(h)(2).

7. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants conduct substantial business in the State of Texas, including in this District.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1), (2) and 1395(a) and because Defendant resides in this District and a substantial part of the events giving rise to this action occurred in the Western District of Texas.

## BACKGROUND

9. The Javits-Wagner-O'Day Act (the "JWOD Act"), now known as the "AbilityOne Program," provides employment opportunities for people who are blind or have other significant disabilities by promoting their access to and participation in federal contracts for goods and services. *See* Pub. L. No. 92-28, 85 Stat. 77 (1971), as amended, 41 U.S.C. §§ 8501, *et seq.*

10. The JWOD Act created an independent federal agency known as the "Commission" to promote government contracting with certain nonprofit agencies that employ individuals with disabilities. *See* 41 U.S.C. § 8502. The Commission was established to facilitate the United States government's "purchase of commodities and services from qualified

2

nonprofit agencies employing persons who are blind or have other severe disabilities." 41 C.F.R. § 51-1.1.

11. The Commission is an independent government agency with members appointed by the President of the United States of America. FAR 8.702.

12. The Commission has designated two "central nonprofit agencies" to represent NPAs serving people with severe disabilities other than blindness – SourceAmerica, f/k/a/NISH ("NISH") and the National Industries for the Blind. 41 U.S.C. § 8503(c); 41 C.F.R. § 51-3.1.

13. A "qualified nonprofit agency" is an agency that employs individuals with severe disabilities and/or blind individuals "for at least 75 percent of the hours of direct labor required for the production or provision of the products or services." 41 U.S.C. § 8501(6), (7).

14. Once an agency has identified a need for commodities or services that can be filled by qualified nonprofit agency employing people with significant disabilities, NISH is tasked with evaluating the qualifications and capabilities of the qualified nonprofit agencies and recommending an awardee to the Commission. 41 C.F.R. § 51-3.2.

15. Defendant is a qualified nonprofit agency under the JWOD Act.

## CAUSE OF ACTION FOR WRONGFUL RETALIATION/DISCHARGE

16. Plaintiff was hired by Defendant in or about September, 2003 as an Operations Manager. Plaintiff was promoted to Senior Operations Manager approximately two years later. As Senior Operations Manager, Plaintiff's duties included, among other things, directly oversee all services and functions of contract operations, directly supervise Project Management and administrative staff, Maintain consistent positive customer relations, and ensure contractual compliance through surveillance, audits, hands-on inspections and interviews with customers, building occupants, employees and project management.

17. In or about March or April, 2011, Plaintiff was assigned to manage Defendant's Job No. 560 DHS in Laredo, Texas (the "Contract"). The Contract was with the Department of Homeland Security for facilities used by Customs and Boarder Protection. Pursuant to the Contract, Defendant was to provide custodial services at 16 different locations at the site.

18. Upon being assigned the Contract, Plaintiff immediately reached out to the prior Operations Manager – and one of Plaintiff's superiors – and requested all documentation related to the Contract. Despite numerous requests, Plaintiff's superior refused to provide the requested documentation.

19. As it turns out, two of the 16 buildings under the Contract were not serviced for a period of approximately two years. However, during that time, the United States Government had been paying Defendant as if all 16 buildings were being serviced.

20. In or about March, 2013, the Government determined that Defendant had overbilled on the Contract in the amount of approximately $100,000 due to Defendant's failure to service all of the buildings covered by the Contract. The Government sought reimburse from Defendant.

21. It was only after the Government determined that Defendant had been overbilling for the Contract that Defendant provided Plaintiff with the Contract documentation he had been requesting for two years.

22. On April 9, 2013, Plaintiff received a "Disciplinary Action Report" from Defendant. This was Plaintiff's first Disciplinary Action Report in his almost ten years of employment with Defendant. In the report, Plaintiff was given a "Final Written Warning" based on Defendant's claim that Plaintiff failed to take responsibility for the oversight of the Contract. This warning was made in spite of the fact that Plaintiff had not received any prior written warnings and despite the fact that

Defendant failed to provide Plaintiff with the documentation relating to the Contract that he had been requesting since April, 2011.

23.   On April 24, 2013, Plaintiff provided a written whistleblower report to NISH regarding Defendant's misconduct in overbilling the Government on the Contract and expressing a willingness to disclose additional unethical practices by Plaintiff's superiors. Plaintiff's written report constituted protected activity under 31 U.S.C. § 3730(h).

24.   Plaintiff subsequently met with NISH's General Counsel and Defendant's General Counsel. During this meeting Plaintiff reported that Defendant had been defrauding the Government by, among other things, falsely classifying employees as "disabled" for purposes of meeting the JWOD Act's 75% requirement when those individuals were not disabled, and by charging the Government for work that was not done.

25.   During his meeting with NISH's General Counsel, Plaintiff also reported that Defendant was understaffing firm-fixed price contracts, meaning that the Government agreed to a fixed contract rate at the outset based on Defendant's representations that the work would be done by a certain number of individuals. Defendant would then understaff those contracts, which allowed Defendant a greater profit margin on the contracts but provided the Government with inferior service. This also reduced the number of opportunities for individuals with actual disabilities, which is inconsistent with the purposes of the JWOD Act.

26.   On May 24, 2013, NISH's General Counsel forwarded Plaintiff's complaints to the General Counsel for the Commission and to Defendant's CEO. As a result, Defendant knew Plaintiff was a whistleblower entitled to protection under 31 U.S.C. § 3730(h).

///

///

27.     On July 9, 2013, Defendant terminated Plaintiff's employment. Defendant's misconduct in terminating Plaintiff was in retaliation for Plaintiff's engagement in protected activity in reporting Defendant to NISH.

28.     Defendant's misconduct in retaliating against Plaintiff in violation of 31 U.S.C. § 3730(h) has caused Plaintiff general and special damages in an amount to be established at trial. Plaintiff has also incurred, and will continue to incur, attorneys' fees and litigation costs, which are subject to reimbursement pursuant to 31 U.S.C. § 3730(h)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment in favor of Plaintiff and against Defendant as follows:

(1)     For an award of damages to Plaintiff in the amount of double the pay Plaintiff would have earned in Defendant's employ had he not been wrongfully terminated pursuant to 31 U.S.C. § 3730(h);

(2)     For an award of special damages to Plaintiff pursuant to 31 U.S.C. § 3730(h)(2) in an amount to be established at trial;

(3)     For an award of attorneys' fees to Plaintiff in an amount to be determined using the lodestar method for calculating awards of attorneys' fees;

(4)     For an award to Plaintiff of the litigation costs he incurs in this action; and

(5)     For such other and further relief as the Court may deem just and proper.

///

///

///

///

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure, Rule 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: _____
Brian A. Calhoun
State Bar No. 24044827
Gwen E. Bhella
State Bar No. 24046632
CALHOUN, BHELLA, & SECHREST, LLP
325 N. St. Paul St., Suite 2300
Dallas, Texas 75201
(214) 981-9258
(214) 981-9203 (fax)
bcalhoun@cbsattorneys.com
gbhella@cbsattorneys.com
Attorney for Esteban Garcia

By: _____
Michael J. Perez (California SBN 151039)
*Pro Hac Vice Pending*
Jeffrey A. Feasby (California SBN 208759)
*Pro Hac Vice Pending*
PEREZ & WILSON, INC.
750 B Street, 33rd Floor
San Diego, California 92101
Telephone No.: 619.741.0282
Facsimile No.: 619.460.0437
perez@perezwilson.com
feasby@perezwilson.com
Attorneys for Esteban Garcia