**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ESTEBAN GARCIA** | § | |
| | § | |
| **V.** | § | **A-15-CV-585-LY** |
| | § | |
| **PROF. CONTRACT SVCS, INC.** | § | |

**ORDER**

Before the Court is Plaintiff's Motion for Reconsideration Re: Court's Order on Defendant Professional Contract Services, Inc.'s Motion to Compel–Request Immediate Stay (Dkt. No. 28). The District Court referred the above motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

Plaintiff Esteban Garcia asks the Court to reconsider its order entered on December 9, 2016, granting the Defendant's motion to compel. *See* Dkt. No. 27. Garcia objects on the basis that some of the relief granted by the Court was first requested by PCSI in the reply, and he had thus not been given an opportunity to respond to those new arguments. Additionally, he objects to the Court's order requiring him to categorize the documents he produced, appear for a deposition on two separate dates, and pay the costs of the court reporter for the deposition he failed to attend.

With regard to Garcia's request that he not be required to attend two days of depositions, his motion for reconsideration is groundless. PCSI's request for this relief was in fact raised in the motion to compel (and merely reiterated in the reply); thus Garcia has had ample opportunity to respond. The Court's order is supported by the rules. A court may extend the standard deposition time of one day for seven hours "if the deponent, another person, or any other circumstance impedes or delays the examination." FED. R. CIV. P. 30(d)(1). Garcia's tardy document production impeded

and delayed his deposition, and the Court was well within its discretion to take the steps it did. Though Garcia argues that the deposition should simply be moved to a later date, it had been rescheduled on three separate occasions already. Thus the Court found that the newly scheduled deposition should proceed as scheduled. However, to provide PCSI with adequate time to review and address the late-produced documents, a second deposition day was justified.

On Garcia's second point—complaining of being required to identify which of the 80,000 pages of documents he produced are responsive to which request—he is correct that this relief was not requested in the original motion to compel. But this is because at the time PCSI filed its motion to compel, Garcia had failed to produce any documents to PCSI, and only did so after the motion was filed. Only then did PCSI have a need to complain of the unlabeled dump of 80,000 pages of records. The federal rules are clear that a party's duty to produce documents during discovery includes a requirement to label the documents. FED. R. CIV. P. 34(b)(2)(E) (providing that a party "must organize and label [the produced documents] to correspond to the categories in the request"). In his motion to reconsider, Garcia offers no explanation for his failure to do so, but instead complains that PCSI's requests for production were overbroad, and the size of his production is therefore PCSI's fault. This misses the point. While PCSI did note that some of the documents do not seem to be relevant, it mainly argued that Garcia failed to label the documents as required by Rule 34. Garcia's motion to reconsider fails to provide any evidence to the contrary.

Finally, Garcia also complains that he was not given an opportunity to respond to PCSI's request for reimbursement for the cost of the court reporter who appeared for Garcia's deposition, but was not needed because Garcia did not appear. This objection is now moot, however, as Garcia has addressed the issue in his motion to reconsider. On the merits of the issue, Garcia offers no good

reason for the Court to reverse its order. In both his response to PCSI's motion to compel and the instant motion, Garcia argues that he mailed a letter to opposing counsel on November 21, 2016, informing them that he would not appear at the noticed deposition. He states that he expected the letter to arrive by November 25, 2016, at the latest, and thus he is not at fault for PCSI's counsel not having received notice of his intention not to appear. Dkt. No. 28-1 at 4. This claim is disingenuous at best. Prior to November 21, 2016, all of the parties' correspondence (at least that which is in the record) was delivered by U.S. mail *and* email. *See, e.g.*, Dkt. No. 23-4 to 23-6. Garcia's counsel fails to offer any explanation for not emailing his cancellation as well, nor did he take any steps prior to the deposition to confirm his letter had been received. As the party who was noticed for the deposition, he was obligated to be there absent an agreement of counsel or a protective order from the Court. He obtained neither.[1]

Plaintiff's Motion for Reconsideration (Dkt. No. 28) is **DENIED in part and GRANTED in part**, but, as set out above, none of the Court's decisions in Dkt. No. 27 shall be altered.

SIGNED this 15th day of December, 2016.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1]Garcia also complains that he never "receive[d] a telephone call . . . regarding . . . whether [he] intended to appear," and that PCSI never conferred with him before filing the reply. Dkt. No. 28-1 at 4. Again, this ignores that it was *Garcia's* failure to communicate in any of the timely methods previously used by the parties—phone, email, fax, overnight express—that resulted in this decision, and that error is entirely on Garcia.