**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ESTEBAN GARCIA** | § | |
| | § | |
| **V.** | § | **A-15-CV-585-LY** |
| | § | |
| **PROFESSIONAL CONTRACT** | § | |
| **SERVICES, INC.** | § | |

## <u>ORDER</u>

Before the Court are Plaintiff Esteban Garcia's Motion to Quash and/or Protective Order Re: Subpoena and Deposition by Written Questions to J&J Maintenance, Inc. (Dkt. No. 31); Defendant's Response (Dkt. No. 35); and Plaintiff's Reply (Dkt. No. 36). The District Court referred the discovery dispute to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. Background

Esteban Garcia brings this case against Professional Contract Services, Inc. for wrongful termination in retaliation for filing a whistleblower complaint against the company. For its part, PCSI contends that Garcia was dismissed for repeatedly failing to perform his job duties. Prior to working for PCSI, Garcia worked at J&J Maintenance, Inc. for five years, filling a similar role there, as he filled at PCSI. Additionally, one of Garcia's supervisors at J&J, Ace Burt, who had gone to work at PCSI, is the person who hired and supervised Garcia at PCSI. Based on these facts, PCSI served a document subpoena and notice of deposition by written questions on J&J, requesting all of Garcia's personnel and payroll records from J&J. In the instant motion, Garcia moves to quash the subpoena, arguing that the documents are irrelevant and unduly burdensome.

## II. Analysis

PCSI first argues that Garcia does not have standing to quash the subpoena served on J&J. Importantly, Garcia has requested both a protective order under Rule 26, and to quash the subpoena pursuant to Rule 45. PCSI's standing argument is limited to the Rule 45 motion to quash. This is significant because "a party has standing to move for a protective order pursuant to Rule 26(c) . . . even if the party does not have standing pursuant to Rule 45(d)." *Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016). Given that PCSI does not challenge Garcia's standing under Rule 26, its standing argument under Rule 45 is largely irrelevant. Moreover, PCSI's challenge to Garcia's standing under Rule 45 lacks merit. To have standing to quash a subpoena served on a third party, one must have a "personal right or privilege" in the requested documents. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). Courts have held that an employee has a personal right to his personnel files, and therefore has standing to challenge a subpoena for his personnel files. *See, e.g.*, *Brown v. Mountainview Cutters, LLC,* No. 7:15-CV-00204, 2016 WL 3045349, *2 (W.D. Va. May 27, 2016) (holding that an employee has a personal right in his employment records); *Rice v. Reliastar Life Ins. Co.*, No. 11-44, 2011 WL 5513181, *1 (M.D. La. Nov. 10, 2011) (same). The Court therefore overrules PCSI's standing objection.

Garcia contends that the records sought by the subpoena are irrelevant. The scope of discovery is the same under both Federal Rules of Civil Procedure 45 and 26. A party may discover "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b). Discovery outside of this scope is not permitted. *Id.* at (b)(2)(C)(iii). Information "need not be admissible in evidence to be discoverable." *Id.* at (b)(1). Further, the recent amendments to Rule 26 require that discovery be:

proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.*

The records at issue in this motion are all of Garcia's personnel and payroll records from his former employer, J&J.  Prior to his termination, Garcia worked for PCSI for ten years.  His employer immediately preceding PCSI was J&J.  Thus, the most recent of Garcia's J&J personnel records will pre-date his termination from PCSI by at least ten years.  PCSI nevertheless contends that the documents may provide additional evidence to support its claim that it terminated Garcia for performance related issues.  PCSI states that it seeks the information to "understand the competence of Plaintiff in such a job" or find "any prior criticism" or similar alleged deficiencies in Garcia's work.  However, PCSI has ten years worth of employment records already in its possession, and it is difficult to see how records from another company—one that Garcia left voluntarily—could bear on PCSI's claimed reasons for firing Garcia.  *See Peña v. Burger King Corp.*, No. 2:12-CV-248, 2012 WL 12547064, *3 (E.D. Va. Sept. 21, 2012) (noting that "Defendant has eight years of employment records at its disposal" to find evidence of plaintiff's misconduct).  "[W]ithout some evidence to suggest that plaintiff was disciplined by [his] former employer for conduct similar to the reasons proffered by defendant," PCSI is not entitled to go on a fishing expedition "in hopes of uncovering some evidence that may possibly be used" at trial.  *Sanders v. Dalcraft, LLC*, No. 3:09-CV-0307, 2009 WL 1392602, *2 (N.D. Tex. May 18, 2009); *see also Peña*, 2012 WL 12547064, at *3.  *Cf. Hansen v. Alamo Mobile X-Ray & EKG Servs., Inc.*, No. SA-14-CV-01070, 2015 WL 12866215, *3 (W.D. Tex. Oct. 7, 2015) (finding that "efforts to use third-party

subpoenas to obtain a personnel file . . . in the hope of impeaching plaintiff's credibility amounts to nothing more than a fishing expedition") (internal quotations omitted).

PCSI also argues that "the records bear on the credibility and bias" of the supervisor Garcia worked under at J&J, and who later hired him at PCSI, Ace Burt. Dkt. No. 35 at 6. Garcia lists Burt as a potential witness for the trial. However, as Garcia points out, if PCSI wishes to understand or challenge Burt's reasons for hiring Garcia, or his relationship with Garcia, it makes much more sense to depose Burt (something that has since been scheduled, it appears), rather than searching through records from more than ten years ago. In addition, Burt supervised Garcia at PCSI as well and PCSI thus has its own records regarding Burt. Finally, while Burt only supervised Garcia at J&J for a period of eighteen months (more than ten years ago), PCSI has requested "any rand [sic] all personnel and payroll records" for the entire period Garcia was employed at J&J. Burt's prior supervision of Garcia at J&J was too brief to justify such a broad request.

The Court therefore **GRANTS** Plaintiff's Motion to Quash and/or for Protective Order (Dkt. No. 31).

SIGNED this 17th day of January, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE