IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ESTEBAN GARCIA | § | |
| | § | |
| V. | § | A-15-CV-585-LY |
| | § | |
| PROFESSIONAL CONTRACT | § | |
| SERVICES, INC. | § | |

### ORDER

Before the Court are Professional Contract Service, Inc.'s Motion to Quash Certain Depositions and for Protective Order, and to Stay Certain Depositions (Dkt. No. 37), Plaintiff's Response in Opposition (Dkt. No. 39), and Plaintiff Esteban Garcia's Motion for Leave to Take Additional Depositions and for Leave to Serve Ten Additional Interrogatories (Dkt. No. 42). The District Court referred the motions to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

### I. Background

These are the third and fourth discovery motions filed in this case in the past month. In the first motion PCSI objects to the fact that Garcia has noticed or requested 16 depositions—six more than the rules permit—without seeking or obtaining leave of court.[1] PCSI asks that the Court quash the depositions of six specifically identified witnesses. (The six chosen witnesses are those that PCSI believes Garcia noticed "solely for the purpose of causing PCSI and its witnesses annoyance, embarrassment, oppression, undue burden and expense.") Given that the primary question the motion raises is how many depositions are appropriate for the case—the very type of issue attorneys

---

[1] Sprinkled liberally throughout the motion are additional claims that, though the depositions were noticed to take place within the discovery period, scheduling so many depositions in the last two weeks of discovery is oppressive.

ordinarily resolve among themselves—it perhaps should not surprise the Court that absent from the motion is any mention of an attempt by PCSI's counsel to confer with Garcia's attorney to resolve the dispute before filing the motion.[2]

In response, Garcia first points out this very failure by PCSI to confer with him prior to filing the motion. He further notes that PCSI's objection to Garcia unilaterally noticing depositions is somewhat hypocritical given that the first discovery motion (filed in December) was occasioned by PCSI unilaterally noticing the deposition of Garcia. He further relates that, until PCSI filed its motion, it appeared the parties were agreeably working toward scheduling all of the depositions, and describes the exchange of letters and emails aimed at that very goal. Garcia also objects to PCSI choosing which of the depositions should be quashed, and contends that all of the noticed witnesses have discoverable information. Finally, and separate from his response, Garcia formally seeks leave to take more than the permitted ten depositions, and to propound ten additional interrogatories.

## II. Analysis

When the communications between lawyers in a case have broken down to the point that they have in this case, there is only one way left for the Court to police matters: strict adherence to the Federal Rules of Civil Procedure, as supplemented by the Local Rules of this district. Local Rule CV-7 states in relevant part:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made.

---

[2]This perhaps also explains why there is some inconsistency within the parties' papers regarding the number of depositions Garcia wishes to take. PCSI states that the number is 16, while Garcia specifically identifies 14. Given that Garcia is the party requesting the discovery, the Court will rely on his identification of the prospective deponents.

Local Rule CV-7(i).  PCSI's motion lacks any certificate of conference.  The Court will therefore deny the motion.

Rule 30 requires a party to seek leave of court to take a deposition if "the deposition would result in more than 10 depositions being taken."  FED. R. CIV. P. 30(a)(2)(ii).  The rules similarly limit the number of permitted interrogatories to 25.  FED. R. CIV. P. 33(a)(1).  Thus, to take all of the depositions and propound all of the interrogatories he desires, Garcia must obtain leave.  Prior to noticing the depositions and propounding the interrogatories, Garcia failed to obtain such leave.  In a somewhat belated attempt to cure this problem, and only after PCSI objected on this basis, on January 13, 2017, Garcia filed his motion seeking leave to take additional depositions, and to propound ten additional interrogatories.

The standard applicable to granting leave is different for depositions and interrogatories.  Rule 30 states that "the court *must* grant leave to the extent consistent with Rule 26(b)(1) and (2)," while Rule 33 grants the court more discretion, stating that "leave to serve additional interrogatories *may* be granted to the extent consistent with Rule 26(b)(1) and (2)."  The primary issue here is the timing of the depositions vis-a-vis the rapidly approaching discovery deadline, and PCSI's argument that Garcia's decision to take all of his depositions so late in the schedule imposes an undue burden on it that is only exacerbated if he is permitted to take more than ten depositions.  As both parties recognize, to obtain leave, the requesting party must demonstrate that all of its desired depositions—not just those exceeding ten—were necessary.  *See, e.g., Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482-83 (N.D. Tex. 2001).  Reviewing Garcia's submission on this point, the Court finds that he has failed to demonstrate the necessity of all of the depositions he proposes.  For several of the proposed deponents, Garcia has failed to demonstrate that they are not duplicative

or unnecessary. As some examples, Susan Krieger and Vanessa Ferguson have identical justifications, and it appears that Ferguson could cover the topic for both. Similarly, Trina Baumgarten, Jacqueline de Alba, and likely others could easily be dispensed with in lieu of a single 30(b)(6) deposition of PCSI. Given the late timing of the notices, and their number, the Court concludes that Garcia has failed to show that taking all 14 of the depositions is consistent with Rule 26(b)(1) and (2). The Court will therefore deny Garcia's motion for leave to take additional depositions, and limit him to the presumptively allowed ten. As to which ten witnesses he wished to depose, that is up to Garcia, not PCSI, and he shall communicate to PCSI the ten witnesses he wished to depose. For the same reason, the Court will also deny Garcia leave to serve ten additional interrogatories.

### III. Order

For the reasons set forth above, Professional Contract Service, Inc.'s Motion to Quash Certain Depositions and for Protective Order, and to Stay Certain Depositions (Dkt. No. 37), and Plaintiff Esteban Garcia's Motion for Leave to Take Additional Depositions and for Leave to Serve Ten Additional Interrogatories (Dkt. No. 42) are **DENIED**. In light of this ruling, Plaintiff's *Ex Parte* Motion for Expedited Hearing is **DISMISSED AS MOOT.**

SIGNED this 17th day of January, 2017.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE