IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| ESTEBAN GARCIA | § | |
| --- | --- | --- |
| | § | |
| V. | § | A-15-CV-585-DAE |
| | § | |
| PROF. CONTRACT SVCS, INC. | § | |

## ORDER

Before the Court is the Motion to Quash or Modify Subpoena Issued to Nonparty Jean Robinson (Dkt. No. 60), the Plaintiff's response and Robinson's reply. The motion has been referred to the undersigned for resolution.

Jean Robinson is the former general counsel of SourceAmerica. Plaintiff Esteban Garcia spoke with Ms. Robinson while she was SourceAmerica's general counsel about his complaints and concerns with PCSI, and she conveyed his allegations to the Ability One Commission. Because of these facts, Garcia subpoenaed Robinson in January 2017, to give a deposition in this case. The deposition took place on March 30, 2017.[1] At the deposition, Garcia inquired into a settlement agreement that resolved litigation between Robinson and SourceAmerica, and requested that she produce a copy of that agreement. She declined to do so. For reasons not set out in this motion, the deposition was not completed on March 30, and the parties agreed to reconvene to complete the deposition on May 1, 2017.[2] On April 20, 2017, Garcia served an amended subpoena on Robinson, which included a demand that she produce the settlement agreement with SourceAmerica. Robinson, through counsel, reaffirmed her position that the settlement agreement contained a confidentiality provision preventing

---

[1] The Court notes that the discovery deadline in this case passed long ago (it was January 31, 2017). Dkt. No. 19. The parties agreed to conduct this deposition beyond the deadline.

[2] A family emergency subsequently interfered with Ms. Robinson's availability on May 1, and the deposition has yet to be completed.

her from producing the document, and that it was irrelevant to Garcia's claims in this case. This led to Garcia filing an emergency motion for a protective order in the Eastern District of Virginia (the district from which the subpoena issued), and Robinson filing a motion to quash the subpoena. A hearing was held on April 28, 2017, and Judge Nachmanoff eventually determined that, as the court presiding over this case, the Western District of Texas was a preferable venue for the motion to be decided, and thus denied it. This, in turn has led to Robinson filing her motion to quash in the Austin Division for the Western District of Texas.[3]

Though the parties have submitted over 200 pages of paper on this motion, it actually raises a quite narrow issue—is Robinson's settlement agreement with SourceAmerica relevant to this case? The answer is, it is not. As noted, Robinson's relevance to Garcia's claim against PCSI is the fact that she received information from Garcia about his allegations concerning PCSI, and she passed those allegations on to the AbilityOne Commission. Robinson's dispute with SourceAmerica was unrelated to Garcia's dispute with PCSI. Garcia does not challenge these facts, but contends nonetheless that he should be permitted to see the agreement. He argues that the settlement agreement "relates directly to statements Robinson made that were recorded," and he is concerned that the settlement agreement restricts her ability to testify fully about the taped conversations. Further, he contends that Robinson may fear retaliation by SourceAmerica, and speculates that there could be provisions in the settlement agreement through which SourceAmerica could punish her if she gives testimony that is critical of SourceAmerica.

Garcia's first argument is at best confused. He states that he is concerned that the settlement agreement may restrict Robinson's ability to testify about her taped conversations, yet it appears that he has transcripts of those very conversations and thus was free to question her about them in the

---

[3] She has also filed an unopposed motion seeking leave to submit under seal the settlement agreement at issue, for the Court to review *in camera*. That motion (Dkt. No. 59) is **GRANTED**.

deposition—indeed, it appears that he did so. Regardless, the Court has reviewed the settlement agreement, and the only provision in the agreement that has any bearing on the taped conversations is a provision which required Robinson to provide SourceAmerica with the following signed statement:

> My conversations with Mr. Ruben Lopez occurred in the context of my role as monitor of a Settlement Agreement between SourceAmerica and Bona Fide Conglomerate, Inc. These statements were recorded without my knowledge and I did not consent to any distribution of them. Many of the statements were largely based on my own personal views and were in no way meant to harm SourceAmerica.[4]

Clearly, nothing in this clause limits Robinson's ability to testify regarding the taped conversations, and Garcia's concerns on this point are not well-founded.

Similarly, his speculation that the agreement might provide SourceAmerica with the tools to retaliate against Robinson if it is unhappy with her testimony, is also unfounded. While there is a generic non-disparagement clause in the agreement, it is very much like those the Court has seen countless times in settlement agreements. It applies only to "disparaging or derogatory public remarks," and does not in any way prevent Robinson from giving truthful testimony in a court proceeding. Nor is there any liquidated damages clause for any breach of the agreement. In short, Garcia's concerns have no basis.

Because the settlement agreement has no relevance to the dispute before the Court, and requiring Robinson to produce it would be unduly burdensome in light of her obligation to keep it confidential, the Motion to Quash or Modify Subpoena Issued to Nonparty Jean Robinson (Dkt. No. 60) is **GRANTED** and Plaintiff's April 20, 2017 Amended Subpoena is **QUASHED** with respect to

---

[4]The Court quotes this language verbatim. Given that the language is included in a section of the agreement titled "Public Statement," and that the gist of the statement is contained on SourceAmerica's website (http://www.sourceamerica.org/statement-cnn-story), the Court includes it here, notwithstanding the confidentiality provisions of the settlement agreement, given its relevance to this issue, and the fact that the parties to the settlement agreement do not appear to have intended to keep this specific language confidential.

document request seven, such that information related to the Agreement is not discoverable at any subsequent deposition of Jean Robinson in this case.

SIGNED this 20th day of June, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE