# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ESTEBAN GARCIA | § | |
| | § | |
| V. | § | A-15-CV-585-DAE |
| | § | |
| PROFESSIONAL CONTRACT | § | |
| SERVICES, INC. | § | |

## ORDER

Before the Court is Defendant PCSI's Motion for Protective Order (Dkt. No. 62) and Plaintiff's Response (Dkt. No. 68). The District Court referred the discovery dispute to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. Background

This is the latest in a series of discovery motions the parties have filed in this case, and one of two recent motions regarding the deposition of Jean Robinson (a number of additional motions concerning her deposition were filed in the Eastern District of Virginia between January and April). The first motion was filed by Robinson, and sought an order quashing Garcia's subpoena requesting a copy of a settlement agreement between Robinson and SourceAmerica. The undersigned granted that motion on June 20, 2017. Dkt. No. 72. The motion now under consideration was filed by the defendant, PCSI, and seeks to prevent Garcia from completing Robinson's deposition, and to strike the portion already completed.

The tortured background of the events surrounding Robinson's deposition—far more complicated than a single third party deposition deserves—is fundamental to this motion. Factually, the relevance of her testimony derives from the fact that Garcia spoke with Robinson while she was SourceAmerica's general counsel and raised complaints about PCSI, and she conveyed his allegations

to the Ability One Commission. Garcia began attempting to locate Robinson in August 2016, and began making attempts to serve her with a subpoena in September 2016. He did not succeed in getting her served until January 20, 2017. Dkt. No. 62-15.[1] The subpoena ordered her to appear for deposition on January 31, 2017, which was also the last day of discovery. When it received notice Robinson was to be deposed in this case, SourceAmerica intervened in the process because it claimed it was concerned that Robinson might divulge SourceAmerica's attorney-client privileged information and stated that it wanted to be present at the deposition to protect its interests. Garcia objected to this, stating his concern that if SourceAmerica attended the deposition, Robinson might not testify freely, given that SourceAmerica had sued her twice and filed complaints against her with the three bar associations through which she was licensed to practice law.

On January 28, 2017, SourceAmerica filed a motion in the Eastern District of Virginia seeking to quash the deposition or to obtain other relief to protect its interests. The motion was initially set for hearing on February 11, 2017, but SourceAmerica and Garcia reached an agreement to avoid a hearing. PCSI, Garica and SourceAmerica agreed that former Judge Ricardo Urbina would serve as a discovery master at the deposition for the limited purpose of resolving attorney-client privilege objections raised on behalf of SourceAmerica. Further, SourceAmerica and Garcia agreed that SourceAmerica would not attend the deposition. Dkt. No. 62-9 at 26 (2/9/17 letter); 34 (2/16/17 letter); and 38 (2/16/17 email).[2] The deposition was scheduled to take place on March 30,

---

[1] When asked at the hearing if PCSI had any contrary evidence, its counsel stated only that it was not served with a notice of her deposition until January 2017. Thus, these facts are not disputed.

[2] In the first letter, SourceAmerica stated its position that either it have an attorney present, or there be a special master present empowered to assert its privilege on an ad hoc basis. In Garcia's response letter, he agreed with most of SourceAmerica's terms, including use of a special master,

2017. On March 20, 2017, in pleadings to Judge Urbina, PCSI asserted for the first time that it believed SourceAmerica should be present at the deposition. Garcia objected, but on March 28, 2017, Judge Urbina ruled that Robinson's deposition would move forward and that SourceAmerica could attend for the limited purpose of protecting its attorney-client privilege.

Robinson's deposition went forward on March 30, 2017. Robinson and her attorney arrived 30 minutes late. SourceAmerica's counsel attended the deposition, and raised numerous objections, some of which went beyond claims of attorney-client privilege. Robinson's counsel then announced at 1:00 p.m. that Robinson intended to leave the deposition at 2:00. At that point, Garcia had not completed his examination of her. PCSI agreed to allow Garcia to schedule a second deposition session in April 2017. Garcia initially noticed Robinson for deposition on April 12, 2017, but she became unavailable because of her mother's illness. On April 21, 2017, Garcia served a subpoena and notice for the second session of Robinson's deposition for May 1, 2017, which was joined by PCSI. Then, shortly before May 1, Robinson's counsel informed all parties that Robinson was no longer available on May 1, and the parties agreed to once again reschedule the deposition. However, Garcia, SourceAmerica, and PCSI continued to disagree whether SourceAmerica could attend the second session of Robinson's deposition, and whether Garcia was entitled to review Robinson and SourceAmerica's settlement agreement.[3] Motions addressing these issues were filed in the Eastern

---

but expressly stated that "SourceAmerica shall not be present at the deposition." In the final email, SourceAmerica stated that "[w]e have reviewed and generally agree with your February 16th letter, and agree to resolve our claims of privilege jointly with the discovery master."

[3] One of the complicating factors was that SourceAmerica no longer agreed to a special master at the deposition. Though it is not clear why, it may be related to counsel for SourceAmerica requesting in a letter of March 30, 2017, that Judge Urbina recuse himself from further participation in the case because he "twice made an inappropriate invitation to counsel for SourceAmerica . . . to join [him] later at a restaurant," but he declined to recuse himself. Dkt. No. 62-9 at 82-83.

3

District of Virginia, which determined that the issues would be best resolved by this court. Robinson's motion to quash was then refiled in this court.

PCSI then apparently had a change of heart regarding Robinson's deposition. In an email exchange in early June, PCSI informed Garcia that it no longer intended to take Robinson's deposition and that it would be filing a motion to quash it with this Court. That is the motion now before the Court.

**II. PCSI's Motion**

PCSI's motion is made pursuant to Rule 26. For a protective order to issue, a party must show (1) good cause, and (2) a specific need for protection. *Bucher v. Richardson Hosp. Authority*, 160 F.R.D. 88, 92 (N.D. Tex. 1994). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). PCSI's argument is that good cause exists for this Court to enter a protective order because Garcia has not been diligent in attempting to reschedule a second deposition for Jean Robinson. When pressed at the hearing what the facts were to support its change of position on Robinson's deposition—after participating for nearly six months in efforts to get a deposition scheduled and taken—PCSI's counsel evaded the Court's questions, and pointed only to general concerns about how long the discovery process has taken in the case. Despite several requests that counsel explain what had happened since March 30, 2017, with regard to the Robinson deposition to merit preventing the deposition from being finished, counsel either could not, or would not do so. Audio Recording of 6/22/17 Hearing at 10:43:00 to 10:45:30.

The record before the Court shows that Garcia has been diligent in trying to complete Robinson's deposition, and that Garcia has done nothing since the March 30, 2017 first session to slow the process down. This case presents a unique situation where not only the parties and the third-party deponent have filed various motions regarding her deposition; but Robinson's former employer SourceAmerica has also moved to quash the deposition, and has injected itself into these issues. Garcia's counsel noticed Robinson's deposition before the close of discovery, held one deposition by agreement on March 30 2017, and re-noticed her deposition for April 12, 2017, and May 1, 2017. Garcia's attempts to obtain Robinson's deposition have been stymied by motions to quash or Robinson's inability or unwillingness to attend. PCSI has not objected to the continuation of the deposition until the present motion, thereby—at a minimum—acquiescing in the completion of the deposition. The Court is disappointed that PCSI was unable to state at the hearing a good faith basis for its eleventh hour motion seeking to prevent the deposition. PCSI has failed to show good cause for a protective order, and thus PCSI's Motion for Protective Order (Dkt. No. 62) is **DENIED**.

### III. Attendees at the Deposition

An issue that has been a continuing problem is whether SourceAmerica should be allowed to be present at Robinson's deposition. SourceAmerica claims that it needs to attend because

> due to Ms. Robinson's previous disclosures of SourceAmerica's privileged and confidential information to third parties, without SourceAmerica's authorization, SourceAmerica maintains that deposing Ms. Robinson poses a threat to the confidentiality of SourceAmerica's protected information.

Dkt. No. 62-9 at 92. This is apparently based on Robinson sharing information with Ruben Lopez in conversations which were recorded by Lopez without her knowledge. As the Court understands it, the argument is thus that, because when Robinson met with Lopez in what she believed were

5

private conversations she shared allegedly privileged information with him, and despite having been sued and made the subject of three bar grievances by SourceAmerica for doing so, she is likely to do the same thing in a fully-recorded, adversarial deposition at which she is represented by counsel.

The Court believes SourceAmerica's fears are over-stated. Having reviewed the transcript of the deposition already taken, SourceAmerica's presence impeded the deposition, and it injected itself into matters beyond the protection of its privilege. In addition, Robinson has counsel, and is obviously capable of asserting, if not obligated to assert, her former client's privilege.[4] Finally, there is a more efficient means to address this issue, without obstructing the discovery in this case any further. Specifically, the Court **ORDERS** that the transcript of the deposition of Robinson shall be treated as confidential and not disseminated beyond the attorneys of record and Robinson for 14 days after it is received by counsel. A copy of the deposition transcript shall also be provided to counsel for SourceAmerica when it is provided to counsel in this case. SourceAmerica shall have 14 days to review the transcript and file a motion for protective order with this Court if it believes that any testimony by Robinson invaded its attorney-client privilege. Thereafter, barring any order from this Court, the transcript will be treated as any other deposition transcript in this case.

Based on this, and pursuant to FED. R. CIV. P. 26(c)(1)(E), the Court **ORDERS** that SourceAmerica may not be present at the completion of the Robinson deposition.

### IV. Warnings

As the Court stated at the hearing, this case has garnered the unwelcome designation of being a "high maintenance" case. This is largely due to what the Court sees as gamesmanship and sharp

---

[4]To be clear, PCSI may not assert SourceAmerica's privilege, or make any other objection on behalf of SourceAmerica, at the deposition, as it has no standing to do so.

tactics of counsel for both sides in this case. This must stop, or there will be a price to pay. Counsel are warned they must act professionally, courteously, and in good faith. A failure to do so will result in the Court applying sanctions against the offending party or attorney.

SIGNED this 23rd of June, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE