# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **ESTEBAN GARCIA** | § | |
| | § | |
| **V.** | § | **A-15-CV-585-LY** |
| | § | |
| **PROFESSIONAL CONTRACT** | § | |
| **SERVICES, INC.** | § | |

## ORDER

Before the Court are: Plaintiff Esteban Garcia' s Motion for Leave to Serve Third Party Subpoenas (Dkt. No. 82); Defendant's Response (Dkt. No. 84); and Plaintiff's Reply (Dkt. No. 85). Judge Ezra referred the motions to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

### I. Background

This case has a complicated history, rife with discovery disputes; the Court has already resolved in excess of twelve discovery-related motions. In the motion presently before the Court, Garcia asks the Court for leave to serve third party subpoenas on SourceAmerica and the AbilityOne Commission.

Jean Robinson was General Counsel for third party SourceAmerica during the relevant period. Garcia made a complaint to Robinson. Robinson conveyed Garcia's complaint to the AbilityOne Commission and PCSI in letters dated May 24, 2013. The letters indicated they contained enclosures. At her August 3, 2017 deposition, Robinson testified that she did not recall what those enclosures were. Robinson also testified that other complaints were made to SourceAmerica regarding PCSI that were forwarded on to the Commission. Garcia alleges that Robinson's deposition was the first time he learned that a question existed as to the enclosures

accompanying Robinson's letter and that other individuals had registered complaints regarding PCSI's business practices. Garcia requests leave to subpoena the AbilityOne Commission and SourceAmerica to obtain their copies of Robinson's letter to determine what enclosures were attached and to determine whether additional complaints were made to SourceAmerica regarding PCSI's business practices, thereby substantiating Garcia's whistleblower complaints.

Additionally, Garcia asserts that PCSI's Chief Financial Officer, Trina Baumgarten's answers to a deposition on written questions, received on August 17, 2017, revealed for the first time that PCSI's financial records were not available for dates prior to July 1, 2009. Garcia argues it seeks leave to subpoena SourceAmerica seeking categories of documents relating to other instances of reimbursement, refund, or credit back to the United States Government.

PCSI asserts that the Court should deny the motion, as discovery in this case closed eight months ago, Garcia has not been diligent in seeking this discovery although it has been known to him for quite some time, and no exceptional circumstances exist warranting additional discovery past the deadline.

## II. Analysis

The Scheduling Order entered in this case on August 16, 2016, set a discovery deadline of January 31, 2017. It added that "Counsel may, by agreement, continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances . . . ." (Dkt. No. 19 at ¶ 6). Further, the Local Rules provide that:

> Unopposed discovery may continue after the deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting. Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the

discovery deadline and pertain to conduct occurring during the final 7 days of discovery.

Local Rule CV-16(d). Garcia's motion was filed months after the close of discovery, and addresses conduct that took place after the close of discovery. Thus, under both Local Rule CV-16(d) and ¶ 6 of the Scheduling Order, there must be "exceptional circumstances" for the Court to consider the motions. This Court has had to address this issue previously, in discovery disputes involving Robinson's deposition. In an order dated July 18, 2017, the Court stated:

> Thus, the Court concludes that, with regard to matters that were raised by Garcia with PCSI up to the time of Robinson's deposition, there are exceptional circumstances justifying the Court intervening and resolving the parties' disputes on those issues. However, with regard to the many items Garcia did not raise until well after this time, Garcia has failed to demonstrate exceptional circumstances for the Court to take those matters up, much less good reason for his failure to raise those issues earlier.

(Dkt. No. 78 at 5).

The discovery deadline in this case was January 31, 2017. PCSI served discovery responses on January 13, 2017, which included correspondence between PCSI, Robinson, SourceAmerica, and the AbilityOne Commission. Robinson was deposed for the first time on March 30, 2017, and testified at that time any records relating to Garcia would be in the possession of her former employer, SourceAmerica. Robinson further testified that she had received other complaints about PCSI from other entities. Garcia did not subpoena the records at that time. Robinson's second deposition, at which she gave testimony about enclosures attached to her forwarded correspondence, took place on August 3, 2017. Garcia did not request leave to issue subpoenas at that time, instead waiting more than a motion to request leave to serve third party subpoenas.

The Court finds that no exceptional circumstances exist requiring the Court to grant leave for Garcia to issue third party subpoenas at this late date. Garcia was copied on Robinson's May 24,

2013, letter to SourceAmerica and the AbilityOne Commission. Moreover, he knew of its existence, and the existence of the enclosures and could have requested those documents at any time in this litigation. Most recently, the issue was raised at Robinson's August 3, 2017, deposition, and yet he waited almost a month to meet and confer with opposing counsel and over a month to request leave from the Court. While Garcia complains that different versions of Robinson's letter have been disclosed in this case, and it is not clear which letters include which enclosures, Garcia was aware these letters were sent to SourceAmerica and the AbilityOne Commission, and a diligent party would have sought discovery from these third parties sooner in the litigation. Additionally, with regard to complaints about PCSI made by other entities, Garcia has been on notice of the existence of other complaints since Robinson's March 30, 2017, deposition. Garcia failed to seek discovery from SourceAmerica or the AbilityOne Commission on this issue.

With regard to Trina Baumgarten's supplemental responses to deposition by written questions, the disclosure that PCSI's financial records are only accessible prior to July 1, 2009, is not an exceptional circumstance necessitating court intervention. These responses were obtained on August 17, 2017, and once again, Garcia waited weeks to confer and almost a month to file a motion. Moreover, Garcia was well aware of the existence of SourceAmerica and the AbilityOne Commission during this entirety of this litigation and could have subpoenaed those entities' records at any time.

This Court has been lenient with Garcia in allowing him to conduct discovery past the applicable deadlines. However, every grant of additional discovery begets a motion to conduct additional discovery. The requests in this motion are based upon allegedly new-found information. However, the information in issue is not actually newly found, and even if so, could have easily been

4

discovered from other sources within the applicable discovery deadlines if Garcia had initiated his discovery earlier. The Court finds that no exceptional circumstances exist requiring the Court to grant leave for Garcia to issue third party subpoenas.

The Court hereby **ORDERS** that Plaintiff Esteban Garcia's Motion for Leave to Serve Third Party Subpoenas (Dkt. No. 82) is **DENIED.**

SIGNED this 12th of October, 2017.

 

 

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE